**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| IN RE: )<br>)<br>INNOVATIVE COMMUNICATION )<br>CORPORATION, )<br>)<br>Debtor. )<br>_____ )<br>)<br>IN RE: )<br>)<br>JEFFREY J. PROSSER, )<br>)<br>Debtor. )<br>_____ )<br>)<br>STAN SPRINGEL and JAMES P. )<br>CARROLL, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>JEFFREY J. PROSSER, DAWN )<br>PROSSER, SYBIL G. PROSSER, )<br>JUSTIN PROSSER, MICHELLE )<br>LABENNETT, and LYNDON A. )<br>PROSSER, )<br>Defendants. )<br>_____ ) | Civil No. 2008-77<br><br>Chapter 11 Case No. 07-30012 (JFK)<br><br><br><br><br><br>Civil No. 2008-77<br><br>Chapter 7 Case No. 06-30009 (JFK)<br><br><br><br><br><br><br><br>Civil No. 2008-77<br><br>Adv. Proc. No. 07-03010 |

**APPEARANCES:**

**Karin A. Bentz, Esq.**
St. Thomas, U.S.V.I.
    *For Dawn Prosser,*

**Alan E Pedersen, Esq.**
Omaha, NE
    *For Justin Prosser, Sybil G. Prosser, Michelle LaBennett,*
    *and Lyndon A. Prosser,*

*Springel v. Prosser, et al.*
Civil No. 2008-77
Memorandum Opinion
Page 2

**Mark W. Eckard, Esq.**
St. Croix, U.S.V.I.
    *For Jeffrey J. Prosser,*

**Andrew Kamensky, Esq.**
Miami, FL
    *For Stan Springel,*

**Fred Stevens, Esq.**
St. Thomas, U.S.V.I.
    *For James P. Carroll.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Dawn Prosser appeals from the May 7, 2008, order of the United States Bankruptcy Court for the District of the Virgin Islands (the "Bankruptcy Division"), finding that Dawn Prosser is not entitled to a jury trial. For the reasons stated below, the Court will affirm the decision below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Because the Court has previously outlined the facts of this matter in related proceedings, the Court recites only those facts pertinent to its analysis in this particular motion.

On October 19, 2007, Chapter 11 trustee in the bankruptcy proceeding involving Innovative Communication Corporation, Stan Springel ("Springel") commenced an adversary proceeding (the "Turnover Action") against Dawn Prosser, Jeffrey Prosser, and their children, Justin Prosser, Michael J. Prosser, Sybil G. Prosser, Michelle LaBennett, and Lyndon A. Prosser ("the

*Springel v. Prosser, et al.*
Civil No. 2008-77
Memorandum Opinion
Page 3

"Prossers") in the Bankruptcy Division. Springel's verified complaint seeks to: (1) compel the Prossers to assemble and deliver to Springel all personal property in the possession, custody, or control of the Prossers that was acquired with Innovative funds; (2) direct the Prossers to provide an inventory and accounting of that property; (3) compel the Prossers to safeguard and protect the property pending its delivery to Springel; and (4) to disallow any claims of the Prossers against Innovative pending the assembly and delivery of the property. Along with the verified complaint, Springel filed a motion for a temporary restraining order and for preliminary and permanent injunctive relief.

On December 7, 2007, Springel filed an amended complaint, which requested similar relief. James P. Carroll ("Carroll"), the trustee in the Chapter 7 bankruptcy proceeding involving Jeffrey Prosser joined in the amended complaint.

On March 17, 2008, Dawn Prosser Dawn Prosser filed an answer to the amended complaint, in which she invoked her Fifth Amendment right against self-incrimination and demanded a trial by jury.

On May 2, 2008, Dawn Prosser moved for withdrawal of the

*Springel v. Prosser, et al.*
Civil No. 2008-77
Memorandum Opinion
Page 4

of this Court's automatic reference to the Bankruptcy Division of the Turnover Action, pursuant to 28 U.S.C. § 157(d)[1] ("Section 157(d)") and Federal Rule of Bankruptcy Procedure 5011[2] ("Rule 5011").  In that motion, Dawn Prosser again asserted her right to a trial by jury.

On May 7, 2008, the Bankruptcy Division entered a memorandum opinion and order rejecting Dawn Prosser's claim that she was entitled to a jury trial.

On May 14, 2008 Dawn Prosser filed a notice of appeal from the May 7, 2008, order.[3]

---

[1] Section 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (2005).

[2] Rule 5011(a) provides that "[a] motion for withdrawal of a case or proceeding shall be heard by a district judge." F.R.B.P. 5011(a) (1991).

[3] Dawn Prosser timely filed her notice of appeal in accordance with Federal Rule of Bankruptcy Procedure 8002(a), which states that "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a).

*Springel v. Prosser, et al.*
Civil No. 2008-77
Memorandum Opinion
Page 5

## II. JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to review this case pursuant to Title 28 U.S.C. § 158(a).[4] The Court will review the Bankruptcy Division's findings of fact for clear error and will exercise plenary review over questions of law. *In re Barbel*, No. 01-221, 2004 U.S. Dist. LEXIS 19417, at *2 (D.V.I. Sept. 21, 2004) ("A district court reviews the Bankruptcy Division's conclusions of law *de novo* but may only review findings of fact that are clearly erroneous.") (citing Fed. R. Bankr. P. 8013; *In re Excalibur Auto. Corp.*, 859 F.2d 454, 457 (7th Cir. 1988)), *aff'd* 183 Fed. Appx. 227 (3d Cir. 2006).

## III. ANALYSIS

In the memorandum opinion supporting the May 7, 2008, order, the Bankruptcy Division found that "the relief sought by the Trustee is purely equitable and therefore there is no right to jury trial with respect to this adversary proceeding." (Mem. Op. 9, May 7, 2008.) Even assuming, *arguendo,* that Dawn Prosser is entitled to a jury trial in the Turnover Action, in order to

---

[4] Title 28 U.S.C. § 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a) (Lexis 2008).

*Springel v. Prosser, et al.*
Civil No. 2008-77
Memorandum Opinion
Page 6

obtain a jury trial her jury demand must comply with the time requirements of Rule 9015-1 of the Local Rules of the United States Bankruptcy Court for the District of the Virgin Islands ("Rule 9015-1").

    The pertinent portion of Rule 9015-1 provides:

> C. Within thirty (30) days of filing [a jury trial] demand the party making the demand shall file with the Clerk and serve on all parties in interest:
>
>   1. the consent of all parties to trial by jury in the Bankruptcy Court; or
>
>   2. a motion to withdraw the reference to the District Court. All proceedings shall continue in the Bankruptcy Court unless and until an order is issued by the District Court withdrawing the reference.
>
> D. The failure to comply with this Local Bankruptcy Rule shall be deemed to be a waiver of trial by jury in the Bankruptcy Court.

LRBP 9015-1 (2007).

    Here, Dawn Prosser requested a jury trial on March 17, 2008. Thereafter, Dawn Prosser did not move to withdraw the reference until May 2, 2008, after the expiration of the thirty-day deadline imposed by Rule 9015-1(C). Dawn Prosser also failed to provide notice that all parties consented to a jury trial in the Bankruptcy Division. Thus, her motion to withdraw the reference was untimely. Because Dawn Prosser failed to comply with the requirements of Rule 9015-1, the Court finds that, even if this matter was amenable to a jury trial, she waived her right to a

*Springel v. Prosser, et al.*
Civil No. 2008-77
Memorandum Opinion
Page 7

jury trial. *Cf. Rothschild v. Seivers (In re Seivers Enters.)*, 2005 U.S. Dist. LEXIS 15443 (W.D. Pa. July 29, 2005) (holding that the defendant waived her right to a jury trial because she failed to file a motion to withdraw the reference within thirty days of her jury demand, as required by Rule 9015-1[5] of the Local Rules of the United States Bankruptcy Court for the Western District of Pennsylvania).

---

[5] Rule 9015-1 of the Local Rules of the United States Bankruptcy Court for the Western District of Pennsylvania provides, in pertinent part:

> C. Within thirty (30) days of filing the demand the party making the demand shall file with the Clerk and serve on all parties in interest:
>
> (1) the consent of all parties to trial by jury in the Bankruptcy Court;
>
> (2) pursuant to Fed.R.Bankr.P. 5011, a motion for withdrawal of the reference in order to conduct a jury trial in the District Court; or
>
> (3) a motion to extend time to file a consent or motion for withdrawal of the reference.
>
> D. The failure to comply with this Local Rule shall be deemed to be a waiver of trial by jury in the Bankruptcy Court.

W.D. Pa. Bankr. LR 9015-1 (2007).

*Springel v. Prosser, et al.*
Civil No. 2008-77
Memorandum Opinion
Page 8

## IV. CONCLUSION

For the foregoing reasons, the Court will affirm the Bankruptcy Division's May 7, 2008, order. An appropriate Order follows.

                      S\_____
                            **Curtis V. Gómez**
                               **Chief Judge**

**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEFFREY J. PROSSER. | ) | Civil No. 2008-93 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | Case No. 06-30009 (JFK) |

**APPEARANCES:**

**Michael J. Lichtenstein, Esq.**
Rockville, MD
    *For Jeffrey J. Prosser,*

**Robert F. Craig, Esq.**
Omaha, NE
    *For Jeffrey J. Prosser,*

**Thomas Alkon, Esq.**
St. Croix, U.S.V.I.
    *For Jeffrey J. Prosser,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
    *For Jeffrey J. Prosser,*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
    *For Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., Greenlight Capital Offshore, Ltd.,*

**Thomas J. Allingham II, Esq.**
Wilmington, DE
    *For Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., Greenlight Capital Offshore, Ltd.,*

**Charles S. Russell, Jr., Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

*In re Prosser*
Civil No. 2008-93
Order
Page 2

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

**William R. Greendyke, Esq.**
Houston, TX
    *For Rural Telephone Finance Cooperative,*

**Jeffrey K. Cymbler, Esq.**
New York, NY
    *For James P. Carroll, Chapter 7 Trustee,*

**Michaela C. Crocker, Esq.**
**Daniel C. Stewart, Esq.**
Dallas, TX
    *For Stan Springel, Chapter 11 Trustee and Innovative*
    *Communication Company, LLC,*

**Craig V. Rasile, Esq.**
Miami, FL
    *For Stan Springel, Chapter 11 Trustee and Innovative*
    *Communication Company, LLC.*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the appeal of Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd. (together "Greenlight") of the Bankruptcy Division's June 6, 2008, "Order of Court Overruling Greenlight's Objection to Proof of Claim filed by Banco Popular Pursuant to Bankruptcy Rules 3001 and 3007 and Ordering Banco Popular's Counsel to File Statement of Fees and Costs." For the reasons stated in the accompanying Memorandum Opinion of even date, it is hereby

*In re Prosser*
Civil No. 2008-93
Order
Page 3

**ORDERED** that the Bankruptcy Division's June 6, 2008, order is **AFFIRMED.**

                              S_____
                                 **Curtis V. Gómez**
                                   **Chief Judge**